**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5056**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RYSHON PETOEZ GRATE,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00369-RBH-2)

———————————

Submitted:  July 28, 2011          Decided:  August 12, 2011

———————————

Before MOTZ, KING, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant.   Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryshon Petoez Grate pled guilty, pursuant to a written plea agreement, to bank robbery and use of a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1)(A), 2113(a), (d) (2006), and was sentenced to a total term of eighty-four months of imprisonment. On appeal, Grate's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Grate's guilty plea and whether the court adequately explained its reasons for the chosen sentence. Although informed of his right to file a supplemental pro se brief, Grate has not done so. For the reasons that follow, we affirm.

We conclude, based on our review of the transcript of Grate's guilty plea hearing, that the district court fully complied with Rule 11 in accepting Grate's guilty plea. The court ensured that Grate understood the charges against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Grate's conviction.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, this court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Grate. The court considered relevant § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of the offense. Further, Grate offers no grounds to rebut the presumption on appeal that his within-Guidelines sentence of eighty-four months imprisonment is substantively

3

reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Grate.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Grate, in writing, of the right to petition the Supreme Court of the United States for further review. If Grate requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4